FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

MAY 2 8 2008

JAMES N. HATTEN, Clerk
By /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CICERO ALDRICH, III,<br>Inmate No. 315035,<br>    Plaintiff, | :<br>:<br>:<br>: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |
| v. | :<br>: | CIVIL ACTION NO.<br>1:08-CV-0013-TWT |
| GEORGIA STATE BOARD OF<br>PARDONS AND PAROLES,<br>THURBERT E. BAKER,<br>    Respondent. | :<br>:<br>:<br>:<br>: | |

## ORDER AND OPINION

Plaintiff Cicero Aldrich III, an inmate at the Jackson County Prison in Jefferson, Georgia, has submitted the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 and has been granted leave to proceed in forma pauperis. [Doc. 3]. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity screening.

I.     The 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual

AO 72A
(Rev.8/82)

allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A. See . See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation).

II.   Plaintiff's Claims

Plaintiff has sued the Georgia Board of Pardons and Paroles ("the Board"), and Thurbert Baker, the Attorney General for the State of Georgia. Plaintiff complains that he has not been considered frequently enough for parole.

According to Plaintiff, the Board settled a lawsuit with Plaintiff in 2003, by which the Board promised to reconsider Plaintiff's parole every three years; however, the Board violated its promise and failed to consider him for parole in November, 2007. Plaintiff seeks injunctive relief.

III.  Analysis of Plaintiff's Claims

Plaintiff's allegation that the Board has failed to consider him for parole with the requisite frequency fails to state a claim for relief. The United States Supreme Court has ruled that there is no per se entitlement to parole or to due process in the parole consideration process. Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979). In Sultenfuss v. Snow, 35 F.3d 1494 (11th Cir. 1994), the Eleventh Circuit held that Georgia's parole system does not create a liberty interest in parole implicating the protection of the Due Process Clause. Id. at 1499-1501. See also McGoy v. Ray, 164 F. App'x 876, 879 (11th Cir. 2006) (citing Sultenfuss and stating that "Georgia's parole process does not create a liberty interest protected by the Due Process Clause."). Under Georgia's Parole System, the Board has broad and unfettered discretion in reaching parole decisions in each individual case based upon that individual's history and circumstances. Sultenfuss, 35 F.3d at 1501. The Board is neither required by statute to reach any particular result in a given case, nor to abide by the parole guidelines in administering parole. Id. at 1501-02.

3

Because Georgia's parole system does not place limitations on the Board's discretion sufficient to create a liberty interest in parole, the Board's practices and procedures are generally beyond review. Id. Where there is no liberty interest in parole, 'the procedures followed in making the parole determination are not required to comport with standards of fundamental fairness.'" Heard v. Georgia State Bd. of Pardons and Paroles, 222 F. App'x 838, 840 (11th Cir. 2007) (citation omitted). As the Georgia parole system creates no legitimate expectation of parole, Plaintiff has no constitutionally-protected liberty interest in the procedures by which parole decisions are reached. Accordingly, Plaintiff has failed to state a claim for relief with regard to his claim that the Board violated his due process rights by failing to consider him for parole in November, 2007. See, e.g., Staton v. Wainwright, 665 F.2d 686, 687 (5th Cir. 1982) (holding that violation of Florida statute providing that inmate should receive initial parole consideration within a certain amount of time did not violate inmate's due process rights because Florida parole statutes do not create liberty interest in parole).

To the extent that Plaintiff argues that the Board violated the Ex Post Facto Clause, his claim is too conclusory to warrant relief. The Ex Post Facto Clause prohibits States from enacting laws that, by their retroactive application, increase the punishment for a crime after it has been committed. See Garner v. Jones, 529 U.S. 244, 249 (2000). Plaintiff, however, has not alleged what law, if any, was

4

retroactively applied to him such that his punishment was increased. Instead, it appears that Plaintiff relies upon a state court settlement in which he claims the Board agreed to consider him every three years for parole. To the extent that he seeks enforcement of this settlement, he needs to do so in the state court in which he received such settlement. This claim, however, does not warrant relief under § 1983.

IV. Conclusion

For the foregoing reasons, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted, and this action is hereby **DISMISSED** as frivolous, pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED** this 28 day of May, 2008.

THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)